# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: September 19, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * | | |
| ANDY DE', | * | UNPUBLISHED |
| *Parent of* A.U.D., *a minor*, | * | |
| | * | No. 14-190V |
| Petitioner, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Petitioner's Motion for Dismissal; |
| AND HUMAN SERVICES, | * | Varicella Vaccination; Limbic |
| | * | Encephalitis; Alternative Diagnosis. |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * | | |

<u>Edward Kraus</u>, Law Offices, Chicago Kent College of Law, Chicago, IL, for petitioner.
<u>Lara Englund</u>, United States Department of Justice, Washington, DC for respondent.

## DECISION[1]

On March 6, 2014, Andy De' as parent of his minor child A.U.D. ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that A.U.D. developed limbic encephalitis as a result of a varicella vaccine received on March 24, 2011.

On September 18, 2017, petitioner filed a motion for a decision dismissing the petition. Petitioner's Motion (ECF No. 74). The motion provides that petitioner believes the varicella vaccine caused A.U.D.'s injuries. "Unfortunately, under the circumstances of A.U.D.'s case, petitioner does not believe that he can provide sufficient evidence to establish that the vaccine more likely than not caused [A.U.D.'s] condition. Therefore, following a thorough investigation, petitioner believes he will be unable to prove that A.U.D. is entitled to compensation in the Vaccine Program." *Id.* Counsel has advised petitioner that a dismissal decision will result in a

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

judgment against petitioner, which will end all of his rights in the Program.  Petitioner understands that after judgment is entered, his counsel may apply for fees and costs.

The motion provides that respondent expressly reserves that right, pursuant to 42 U.S.C. § 300aa-15(e), to question the good faith and reasonable basis of the claim and to oppose, if appropriate, the application for fees and costs.  In an email to my law clerk on September 19, 2017, respondent's counsel indicated that respondent does not object to the motion for dismissal.  The matter is now ripe for review.

To receive compensation in the Program, petitioner must establish either (1) a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that a vaccine listed on the Table was the cause-in-fact of the vaccinee's injury.  *See* §§ 13(a)(1)(A) and 11(c)(1).  Under the Vaccine Act, the Program may not award compensation solely based on a petitioner's own claims.  Rather, a petitioner must support his claim with either medical records or the opinion of a competent physician.  § 13(a)(1).

In the present case, an examination of the records did not uncover any evidence that A.U.D. suffered a "Table Injury" or any persuasive evidence that the varicella vaccine was the cause of A.U.D.'s injury.  Petitioner and his two experts contend that A.U.D. developed limbic encephalitis.  Respondent and his expert argue that A.U.D.'s presentation was more consistent with an alternative diagnosis that is not autoimmune in nature. In spring 2017, the parties and I considered scheduling a fact hearing on this issue.  In June - July 2017, A.U.D. underwent subcutaneous IVIG treatments, considered to be an effective treatment for limbic encephalitis but not for the proposed alternative diagnosis.  The IVIG treatments did not result in noticeable improvement for A.U.D.'s condition.  After further consideration and discussion with counsel, petitioner filed a motion to dismiss the case on September 18, 2017.  Thus, petitioner has concluded that he cannot establish causation between the varicella vaccine and A.U.D.'s injury.

Based on my review of the record, I find that petitioner has failed to establish either that A.U.D. suffered a "Table Injury" or that the varicella vaccine was the cause-in-fact of A.U.D.'s injury.  **Thus, this case is dismissed for insufficient proof.  The Clerk of the Court shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**/Thomas L. Gowen**
Thomas L. Gowen
Special Master