# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: December 14, 2017

```
* * * * * * * * * * * * * * * * *
ANDY DE',                         *    UNPUBLISHED
Parent of A.U.D., a minor,        *
                                  *    No. 14-190V
               Petitioner,        *
v.                                *    Special Master Gowen
                                  *
SECRETARY OF HEALTH               *    Attorneys' Fees and Costs;
AND HUMAN SERVICES,               *    Petitioner's Costs; Petitioner's
                                  *    Voluntary Dismissal;
               Respondent.        *    Reasonable Basis.
* * * * * * * * * * * * * * * * *
```

Edward Kraus, Law Offices, Chicago Kent College of Law, Chicago, IL, for petitioner.
Lara Englund, United States Department of Justice, Washington, DC for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On March 6, 2014, Andy De' ("petitioner"), as parent of his minor child A.U.D., filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that A.U.D. developed limbic encephalitis as a result of a varicella vaccine received on March 24, 2011. On petitioner's motion, a decision dismissing the petition for insufficient proof was issued on September 19, 2017. On November 28, 2017, petitioner filed an application for attorneys' fees and costs. Petitioner's ("Pet.") Application ("App.") (ECF No. 79). The application requests $34,095.32 in attorneys' fees and costs for his original attorney, $66,614.72 in attorneys' fees and costs for his current attorney, and $4,500.00 in costs that petitioner personally incurred. The current attorney represents that petitioner will be reimbursed for any additional litigation costs from the award of attorneys' fees and costs in this case. Id. at 1.

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." Id. **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to 34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On December 5, 2017, respondent filed a response to petitioner's application for attorneys' fees and costs. Respondent's ("Resp.") Response (ECF No. 80). Respondent recommends that I exercise my discretion and determine whether an award for attorneys' fees and costs is warranted in this case, and if so, determine a reasonable amount. Id. at 3.

The matter is now ripe for adjudication. I find that there was good faith and a reasonable basis for pursuing the claim as far as it went and therefore, reasonable attorneys' fees and costs should be awarded.

### I. Good Faith and Reasonable Basis

Section 15(e) of the Vaccine Act governs attorneys' fees. 42 U.S.C. § 300aa-15(e). When awarding compensation on a petition, the special master "shall also award" reasonable attorney's fees and costs. Id. at §15(e)(1)(A)-(B). Even when compensation is not awarded, the special master "may award" reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at § 15(e)(1).

"Good faith" is a subjective standard and petitioners are entitled to a presumption of good faith. Hamrick v. Sec'y of Health & Human Servs., No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007); Grice v. Sec'y of Health & Human Servs., 36 Fed. Cl. 114, 121 (1996). In this case, I do not find any cause to doubt that presumption of good faith and will conclude that it exists. With regard to reasonable basis, the Court of Federal Claims has held that the statutory language of 42 U.S.C. § 300aa-15(e)(1)(B) grants the special master "maximum discretion in applying the standard." Silva v. Sec'y of Health & Human Servs., 108 Fed. Cl. 401, 402 (Fed. Cl. 2012). Many special masters and Court of Federal Claims judges have determined that the reasonable basis requirement is an "objective consideration determined by the totality of the circumstances." McKellar v. Sec'y of Health & Human Servs., 101 Fed. Cl. 297, 303 (Fed. Cl. 2011); Chuisano, 116 Fed. Cl. at 286. In determining reasonable basis, the court looks "not at the likelihood of success, but more to the feasibility of the claim." Di Roma v. Sec'y of Health & Human Servs., No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). Petitioner must furnish "some evidence" supporting the claims in the petition, but the evidentiary showing required is less than a preponderance of the evidence. Chuisano v. Sec'y of Health & Human Servs., No. 07-452V, 2013 WL 6234660, at *1, *13 (Fed. Cl. Spec. Mstr. Oct. 25, 2013).

Based on the totality of the circumstances, I find that a reasonable basis existed throughout the pendency of this claim. The claim involved a difficult fact pattern. A.U.D. developed an unexplained and serious illness, which began within proximity of the vaccine in March 2011 and later escalated to a hospital admission in April 2012. Petitioner believed that A.U.D.'s condition was caused by the vaccine. Two attorneys made significant good faith efforts to develop proof in the case. The first attorney, Mr. Brian Arnold, was initially contacted by petitioner, filed the petition and initial medical records, and retained an expert.

After petitioner changed representation, the new attorney, Mr. Ed Kraus filed updated medical records (relating to additional efforts at diagnosis and treatment of A.U.D.'s condition). Mr. Kraus also filed a report from the original expert that was retained (who specializes in

integrative medicine and emergency health management, particularly with pediatric patients) and a report from another expert neurologist. Petitioner and the two experts contended that A.U.D.'s diagnosis was limbic encephalitis, which respondent disputed. In spring 2017, the parties and I considered scheduling a fact hearing on this issue. In June - July 2017, A.U.D. underwent subcutaneous IVIG treatments, considered to be an effective treatment for limbic encephalitis but not for the proposed alternative diagnosis. The IVIG treatments did not result in noticeable improvement in A.U.D.'s condition. After further consideration, including of this additional information, petitioner and his counsel concluded that he would be unable to establish causation and filed a motion for a dismissal decision. Because petitioner and counsel had a reasonable basis for pursuing the petitioner to the point that they did, they are entitled to reasonable attorneys' fees and costs.

## II.     Reasonable Attorneys' Fees and Costs

### a. Legal Standard

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (Fed. Cl. 2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing petitioners notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Just as "[t]rial court courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521 (citing Farrar v. Sec'y of Health & Human Servs., 1992 WL 336502 at * 2-3 (Cl. Ct. Spec. Mstr. Nov. 2, 1992)).

The reasonableness requirement applies equally to costs. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Thus, adequate documentation should be submitted. Counsel should not request excessive, redundant, or otherwise unnecessary costs. The special master may also reduce these requests sua sponte, based on his or her discretion.

### b. Application

Petitioner's original counsel, Mr. Brian Arnold, practices primarily in the Dallas-Fort Worth, Texas area and has been admitted to practice law since 1984.  Pet. App. at 57.  Mr. Arnold requests an hourly rate of $295.00 for work performed from 2013 – 2015.  He requests that his paralegals be awarded an hourly rate of $95.00 for work performed during those years.  I find that these rates are reasonable and should be awarded.  I have also reviewed the requested rates for petitioner's current counsel, Mr. Kraus.  These rates are consistent with what I have previously awarded to Mr. Kraus and are reasonable for the work performed in this case (from 2015 – 2017).  They will not be adjusted.

The attorneys' time and their costs, as well as petitioner's costs, allso appear reasonable and well-documented.  I find no reason to adjust them.  Thus, they will be awarded in full.

## III. Conclusion

Based on all of the above, I award the following:

1) **A lump sum in the amount of $34,095.32 (representing reimbursement for attorneys' fees and costs), in the form of a check made payable jointly to petitioner and his former counsel, Mr. Brian Arnold of Brian R. Arnold & Associates.**

2) **A lump sum in the amount of $66,614.72 (representing reimbursement for attorneys' fees and costs), in the form of a check made payable jointly to petitioner and his counsel, Edward M. Kraus of the Law Offices of Chicago-Kent College of Law.**

3) **A lump sum in the amount of $4,500 (representing reimbursement for petitioner's costs), in the form of a check made payable solely to petitioner.** [3]

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir. 1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' separate or joint filing of notice renouncing their right to seek review.